## NATIONAL CASUALTY COMPANY, Plaintiff–Appellee,

v.

## Naji HAJJAR, M.D., Individually. and as d.b.a. Naji Hajjar MD PSC, Defendant,

## Robbie McGranahan, Individually and as Guardian of Brooke Nicole McGranahan and Madison Page McGranahan Defendant–Appellant.

### No. 02–6553.

United States Court of Appeals, Sixth Circuit.

June 22, 2004.

Perry A. Adanick, Bush Law Office, Louisville, KY, for Plaintiff–Appellee.

Stephen M. O'Brien, III, Savage, Garmer, Elliott & O'Brien, Lexington, KY, for Defendant–Appellant.

Before NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.*

## OPINION

PER CURIAM.

This appeal involves the review of the district court's grant of summary judgment in favor of Plaintiff–Appellee National Casualty Insurance Company ("National Casualty"), interpreting the language of a physician's professional liability insurance policy. National Casualty filed a declaratory judgment action against Defendant Dr. Naji Hajjar (the policyholder) and Defendant–Appellant Robbie McGranahan, seeking determination of its liability under its policy's limitation of liability provision.[1] McGranahan seeks reversal of the district court's determination that: (1) loss of consortium claims are not covered under National Casualty policy; and (2) to the extent that claims for loss of consortium are covered, they are subject to the policy's "per claim" limitation provision.

This appeal arises out of a medical malpractice suit filed by McGranahan and his now-deceased wife, Rhonda McGranahan, alleging that Dr. Hajjar, Mrs. McGranahan's obstetrician and gynecologist, negligently failed to diagnose and treat his deceased wife's cervical cancer.[2] After her

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

1. Dr. Hajjar is not a party to this appeal.

2. After the delivery of her first daughter, Rhonda McGranahan visited Dr. Hajjar, complaining of fever and cramps. She had an abnormal pap smear that indicated infection and mild dysplasia. She was treated with antibiotics. Mrs. McGranahan saw Dr. Hajjar again after becoming pregnant with her second daughter in 1997. During that visit she complained of pelvic pain. After an examination, Dr. Hajjar informed her that she had a wart on her cervix. She was not informed of the abnormal results of a second pap smear examination. Mrs. McGranahan continued to complain of severe pain, bleeding and discharge throughout her pregnancy, but was never informed that the growth on her cervix could be cancerous, despite the abnormal pap smears. A biopsy was performed in December 1997, after which she was told that the results were lost. No follow-up tests were performed. In the spring of 1998, two months after the birth of her second daughter, Mrs. McGranahan was diag-

death, the medical malpractice claim was revived in the name of her estate, and was subsequently settled in the amount of $1 million dollars, paid from the National Casualty's professional liability for Dr. Hajjar. The payment of $1 million to Mrs. McGranahan's estate raises the issue of whether National Casualty is exposed to any additional liability under its policy for the injuries related to Mrs. McGranahan's original malpractice action, or whether the loss of consortium claims are subject to the policy's "per claim" limit pursuant to its limitation of liability provision. The loss of consortium claims were specifically reserved pending a determination of National Casualty's additional liability exposure.

Appellee filed a motion for summary judgment on the ground that its payment of $1 million to the Estate of Rhonda McGranahan exhausted its liability under the "per claim" limitation provision. Appellant filed a cross-motion for summary judgment seeking a declaration that his loss of consortium claim, individually, and those of his minor daughters, were separate from one another and from the claim of his wife's estate. The district court granted National Casualty's motion for summary judgment, and denied McGranahan's cross-motion for summary judgment, holding all loss of consortium claims were subject to the policy's "per claim" limitation provision of $1 million.

After reviewing the record, the briefs of both parties, and the applicable law, and having had the benefit of oral argument, we agree with the district court's grant of summary judgment to National Casualty. Because the reasoning that supports judgment in National Casualty's favor has been sufficiently articulated by the district court's opinion, the issuance of a detailed opinion by this court would serve no useful purpose. Accordingly, the judgment rendered by the district court is **AFFIRMED** on the basis of its Memorandum Opinion dated November 25, 2002.

nosed with Stage 4 cervical cancer. Because of the advanced stage of the cancer, she was not a suitable surgery candidate, and she began an intense course of radiation treatment, during which time she was rendered totally disabled. Mrs. McGranahan died of complications from cervical cancer and of the radiation treatment on August 21, 2001.